592    APPELLATE COURTS OF ILLINOIS.

Broadway Bk. of St. L. v. McGee Creek L. & D. D., 204 Ill. App. 592.

Broadway Bank of St. Louis, Missouri, Appellant, v. McGee Creek Levee & Drainage District, Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by Broadway Bank of St. Louis, Missouri, complainant, against the McGee Creek Levee & Drainage District, defendant, to vacate and set aside a certain order of the County Court abating the excess of a certain assessment of benefits for certain construction work of defendant over a certain bond issue based on such assessment, and to declare the original order for the assessment to be in full force, and a certain warrant for $7,000 issued by defendant for money borrowed on account of such work a lien against such assessment. From a decree dismissing the bill for want of equity, complainant appeals.

GEORGE J. BREAKER and ANDERSON & MATTHEWS, for appellant; WILLIAM M. FITCH, of counsel.

WILLIAMS & WILLIAMS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. COURTS, § 92*—*extent of jurisdiction in drainage matters.* In drainage matters the County Court is a court of limited jurisdiction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Broadway Bk. of St. L. v. McGee Creek L. & D. D., 204 Ill. App. 592.

2. COURTS, § 95*—*when no presumption as to jurisdiction.* There is no presumption in favor of the jurisdiction of the County Court in a statutory proceeding even when the attack on the jurisdiction is collateral.

3. DRAINAGE—*what are requisites of petition to vacate order of County Court as to abatement of assessments.* In a proceeding in the County Court under the drainage statute, to vacate an order of the County Court abating the excess of an assessment of benefits for construction work over a bond issue based on such assessment, the statute must be literally complied with both as to the subject-matter and the person, and if the petition is not sufficient to confer jurisdiction the appearance and consent of the landowners do not have that effect.

4. BILLS AND NOTES, § 102*—*what not negotiable paper.* A drainage warrant is not negotiable paper.

5. CONTRACTS, § 345*—*when assignee of drainage warrant may sue in own name.* The assignee of a drainage warrant may maintain suit thereon in his own name subject to the equities between the original parties.

6. DRAINAGE, § 57*—*when warrant lien on assessment.* Under section 38 of the Levee Act (J. & A. ¶ 4419), a warrant for borrowed money is a lien on the assessment.

7. DRAINAGE, § 55*—*what warrants payable out of.* A drainage warrant for borrowed money is only payable out of assessments made when the order authorizing the warrant was issued.

8. DRAINAGE, § 7*—*what is nature of district organized under Levee Act.* A district organized under the Levee Act is a body politic and corporate, subject to sue and to be sued as any other municipal corporation.

9. DRAINAGE, § 51*—*what must be alleged as to nature of district in suit against it.* In suing a district organized under the Levee Act it is not necessary to allege in terms that it is a corporation, but it is sufficient to allege facts which show it to be a corporation.

10. DRAINAGE, § 51*—*who not necessary parties in suit against district.* A district organized under the Levee Act represents the property owners, and such owners are not necessary parties to a suit in equity against the district.

11. EQUITY—*when party's contentions ineffective.* A party's contentions in a suit which are inconsistent and evasive are ineffective in equity.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
   Vol. CCIV 38